UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CARLY BITTLINGMEYER,
individually and on behalf of all
others similarly situated,

    Plaintiff,

vs.

ADCS CLINICS, LLC,

    Defendant.
_____/

Case No. 0:19-cv-61110-RKA

CLASS ACTION

## ADCS CLINICS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

Defendant, ADCS Clinics, LLC ("ADCS"), by and through undersigned counsel, hereby submits the following Answer and Affirmative Defenses (the "Answer") to Plaintiff's Class Action Complaint (ECF No. 1) (the "Complaint").

### NATURE OF THE ACTION

1. ADCS admits that Plaintiff purports to bring the Complaint as a putative class action for alleged violations of the Telephone Consumer Protection Act (the "TCPA").

2. ADCS denies the allegations in Paragraph 2 of the Complaint.

3. ADCS denies the allegations in Paragraph 3 of the Complaint.

4. ADCS denies the allegations in Paragraph 4 of the Complaint.

5. ADCS denies the allegations in Paragraph 5 of the Complaint.

6. ADCS admits that Plaintiff purports to bring the Complaint as a putative class action, and that Plaintiff purports to seek injunctive relief and statutory damages, but denies all other allegations in Paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. ADCS admits that jurisdiction is proper under 28 U.S.C. § 1331 and that Plaintiff purports to bring the Complaint as an action under the TCPA, but denies all other allegations in Paragraph 7 of the Complaint.

8. ADCS admits that venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b), but denies all other allegations in Paragraph 8 of the Complaint.

**PARTIES**

9. ADCS is without knowledge of and therefore denies the allegations in Paragraph 9 of the Complaint.

10. ADCS admits that it has an office located at 151 Southhall Lane, Suite 300, Maitland, FL 32751 and that it conducts business within the United States, but denies all other allegations in Paragraph 10 of the Complaint.

**THE TCPA**

11. ADCS states that the allegations in Paragraph 11 of the Complaint are legal conclusions and that the TCPA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required. To the extent that a response is required, ADCS denies the allegations in Paragraph 11 of the Complaint.

12. ADCS states that the allegations in Paragraph 12 of the Complaint are legal conclusions and that the TCPA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required. To the extent that a response is required, ADCS denies the allegations in Paragraph 12 of the Complaint.

13.     ADCS states that the allegations in Paragraph 13 of the Complaint are legal conclusions and that the TCPA and the referenced case speak for themselves and are the best evidence as to their respective terms, content, or legal effect.  Thus, no response is required.  To the extent that a response is required, ADCS denies the allegations in Paragraph 13 of the Complaint.

14.     ADCS states that the allegations in Paragraph 14 of the Complaint are legal conclusions and that the TCPA and the referenced case speak for themselves and are the best evidence as to their respective terms, content, or legal effect.  Thus, no response is required.  To the extent that a response is required, ADCS denies the allegations in Paragraph 14 of the Complaint.

15.     ADCS states that the allegations in Paragraph 15 of the Complaint are legal conclusions and that the TCPA and the referenced findings speak for themselves and are the best evidence as to their respective terms, content, or legal effect.  Thus, no response is required.  To the extent that a response is required, ADCS denies the allegations in Paragraph 15 of the Complaint.

16.     ADCS states that the allegations in Paragraph 16 of the Complaint are legal conclusions and that the TCPA and the referenced order speak for themselves and are the best evidence as to their respective terms, content, or legal effect.  Thus, no response is required.  To the extent that a response is required, ADCS denies the allegations in Paragraph 16 of the Complaint.

17.     ADCS states that the allegations in Paragraph 17 of the Complaint are legal conclusions and that the TCPA and the referenced order speak for themselves and are the best evidence as to their respective terms, content, or legal effect.  Thus, no response is required.  To

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687
www.sfslaw.com

the extent that a response is required, ADCS denies the allegations in Paragraph 17 of the Complaint.

18. ADCS states that the allegations in Paragraph 18 of the Complaint are legal conclusions and that the TCPA and the referenced case and regulations speak for themselves and are the best evidence as to their respective terms, content, or legal effect. Thus, no response is required. To the extent that a response is required, ADCS denies the allegations in Paragraph 18 of the Complaint.

19. ADCS states that the allegations in Paragraph 19 of the Complaint are legal conclusions and that the TCPA and the referenced case speak for themselves and are the best evidence as to their respective terms, content, or legal effect. Thus, no response is required. To the extent that a response is required, ADCS denies the allegations in Paragraph 19 of the Complaint.

20. ADCS states that the allegations in Paragraph 20 of the Complaint are legal conclusions and that the TCPA and the referenced case and regulations speak for themselves and are the best evidence as to their respective terms, content, or legal effect. Thus, no response is required. To the extent that a response is required, ADCS denies the allegations in Paragraph 20 of the Complaint.

21. ADCS states that the allegations in Paragraph 21 of the Complaint are legal conclusions and that the TCPA and the referenced order speak for themselves and are the best evidence as to their respective terms, content, or legal effect. Thus, no response is required. To the extent that a response is required, ADCS denies the allegations in Paragraph 21 of the Complaint.

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687
www.sfslaw.com

22. ADCS states that the allegations in Paragraph 22 of the Complaint are legal conclusions and that the TCPA and the referenced order speak for themselves and are the best evidence as to their respective terms, content, or legal effect. Thus, no response is required. To the extent that a response is required, ADCS denies the allegations in Paragraph 22 of the Complaint.

23. ADCS states that the allegations in Paragraph 23 of the Complaint are legal conclusions and that the TCPA and the referenced order speak for themselves and are the best evidence as to their respective terms, content, or legal effect. Thus, no response is required. To the extent that a response is required, ADCS denies the allegations in Paragraph 23 of the Complaint.

24. ADCS states that the allegations in Paragraph 24 of the Complaint are legal conclusions and that the TCPA and the referenced case speak for themselves and are the best evidence as to their respective terms, content, or legal effect. Thus, no response is required. To the extent that a response is required, ADCS denies the allegations in Paragraph 24 of the Complaint.

25. ADCS states that the allegations in Paragraph 25 of the Complaint are legal conclusions and that the TCPA and the referenced case speak for themselves and are the best evidence as to their respective terms, content, or legal effect. Thus, no response is required. To the extent that a response is required, ADCS denies the allegations in Paragraph 25 of the Complaint.

26. ADCS states that the allegations in Paragraph 26 of the Complaint are legal conclusions and that the TCPA speaks for itself and is the best evidence as to its terms and content.

5

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687
www.sfslaw.com

Thus, no response is required.  To the extent that a response is required, ADCS denies the allegations in Paragraph 26 of the Complaint.

27.     ADCS states that the allegations in Paragraph 27 of the Complaint are legal conclusions and that the TCPA and the referenced order speak for themselves and are the best evidence as to their respective terms, content, or legal effect.  Thus, no response is required.  To the extent that a response is required, ADCS denies the allegations in Paragraph 27 of the Complaint.

28.     ADCS states that the allegations in Paragraph 28 of the Complaint are legal conclusions and that the TCPA and the referenced order speak for themselves and are the best evidence as to their respective terms, content, or legal effect.  Thus, no response is required.  To the extent that a response is required, ADCS denies the allegations in Paragraph 28 of the Complaint.

29.     ADCS states that the allegations in Paragraph 29 of the Complaint are legal conclusions and that the TCPA and the referenced order speak for themselves and are the best evidence as to their respective terms, content, or legal effect.  Thus, no response is required.  To the extent that a response is required, ADCS denies the allegations in Paragraph 29 of the Complaint.

30.     ADCS states that the allegations in Paragraph 30 of the Complaint are legal conclusions and that the TCPA and the referenced order speak for themselves and are the best evidence as to their respective terms, content, or legal effect.  Thus, no response is required.  To the extent that a response is required, ADCS denies the allegations in Paragraph 30 of the Complaint.

6

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687
www.sfslaw.com

31. ADCS states that the allegations in Paragraph 31 of the Complaint are legal conclusions and that the TCPA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required. To the extent that a response is required, ADCS denies the allegations in Paragraph 31 of the Complaint.

## BACKGROUND FACTS

32. ADCS denies the allegations in Paragraph 32 of the Complaint.

33. ADCS is without knowledge of and therefore denies the allegations in Paragraph 33 of the Complaint.

34. ADCS denies the allegations in Paragraph 34 of the Complaint.

35. ADCS is without knowledge of and therefore denies the allegations in Paragraph 35 of the Complaint as to Plaintiff's purported receipt of text messages within this judicial district, and denies all other allegations in Paragraph 35 of the Complaint.

36. ADCS denies the allegations in Paragraph 36 of the Complaint.

37. ADCS denies the allegations in Paragraph 37 of the Complaint. ADCS further states that the referenced cases speak for themselves and are the best evidence as to their respective terms, content, or legal effect.

38. ADCS denies the allegations in Paragraph 38 of the Complaint.

39. ADCS denies the allegations in Paragraph 39 of the Complaint. ADCS further states that the referenced cases speak for themselves and are the best evidence as to their respective terms, content, or legal effect.

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687
www.sfslaw.com

## CLASS ALLEGATIONS PROPOSED CLASS

40. ADCS admits that Plaintiff purports to bring this Complaint as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, but denies the remaining allegations in Paragraph 40 of the Complaint.

41. ADCS states that the allegations in Paragraph 41 of the Complaint concern the putative class Plaintiff purports to represent in the Complaint, to which no response is required. To the extent a response is required, ADCS denies that Plaintiff's putative class is appropriate for class treatment pursuant to Federal Rule of Civil Procedure 23 and further denies that the claims brought on behalf of the purported class action have any merit. ADCS denies the remaining allegations in Paragraph 41 of the Complaint.

42. ADCS admits that Plaintiff seeks to exclude the individuals listed in Paragraph 42 of the Complaint from the putative class, but denies the remaining allegations in Paragraph 42 of the Complaint.

43. ADCS denies the allegations in Paragraph 43 of the Complaint.

44. ADCS denies the allegations in Paragraph 44 of the Complaint.

45. ADCS denies the allegations in Paragraph 45 of the Complaint, including subsections (1) through (5) of Paragraph 45 of the Complaint.

46. ADCS denies the allegations in Paragraph 46 of the Complaint.

47. ADCS denies the allegations in Paragraph 47 of the Complaint.

48. ADCS denies the allegations in Paragraph 48 of the Complaint.

49. ADCS denies the allegations in Paragraph 49 of the Complaint.

50. ADCS denies the allegations in Paragraph 50 of the Complaint.

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687
www.sfslaw.com

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Class)**

51. ADCS incorporates in its responses to this Count I its responses set forth in Paragraphs 1-50 above as if fully set forth herein.

52. ADCS states that the allegations in Paragraph 52 of the Complaint are legal conclusions and that the TCPA speaks for itself and is the best evidence as to its terms and content. Thus, no response is required. To the extent that a response is required, ADCS denies the allegations in Paragraph 52 of the Complaint.

53. ADCS states that the allegations in Paragraph 53 of the Complaint are legal conclusions and that the TCPA and referenced case speak for themselves and are the best evidence as to their respective terms, content, or legal effect. Thus, no response is required. To the extent that a response is required, ADCS denies the allegations in Paragraph 53 of the Complaint.

54. ADCS denies the allegations in Paragraph 54 of the Complaint.

55. ADCS denies the allegations in Paragraph 55 of the Complaint.

56. ADCS denies the allegations in Paragraph 56 of the Complaint.

57. ADCS denies the allegations in Paragraph 57 of the Complaint.

58. ADCS denies the allegations in Paragraph 58 of the Complaint.

**COUNT II**
**Violation of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Class)**

59. ADCS incorporates in its responses to this Count II its responses set forth in Paragraphs 1-50 above as if fully set forth herein

60. ADCS denies the allegations in Paragraph 60 of the Complaint.

61. ADCS denies the allegations in Paragraph 61 of the Complaint.

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687
www.sfslaw.com

62. ADCS denies the allegations in Paragraph 62 of the Complaint.

63. ADCS denies the allegations in Paragraph 63 of the Complaint.

64. ADCS denies the allegations in Paragraph 64 of the Complaint.

### PRAYER FOR RELIEF

ADCS denies that it is liable to Plaintiff or the members of the alleged putative class for any damages or relief of any kind, including the damages or relief requested in subsections a-e of the WHEREFORE clause on pages 14 of the Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

ADCS pleads its Affirmative and Other Defenses, without assuming the burden of proof, and without prejudice to its Answer, as follows:

### FIRST DEFENSE

The claims of Plaintiff are barred on the basis that the Plaintiff lacks standing to pursue claims against ADCS because Plaintiff has not incurred any loss or injury in fact.

### SECOND DEFENSE

The claims of Plaintiff are barred, in whole or in part, by consent, express or implied, granted or authorized to be granted by Plaintiff.

### THIRD DEFENSE

The claims of Plaintiff are barred because Plaintiff has failed to mitigate any of her damages.

### FOURTH DEFENSE

The claims of Plaintiff are barred because Plaintiff was not charged for the text messages referred to in Paragraph 33 of the Complaint.

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687
www.sfslaw.com

## FIFTH DEFENSE

The claims of Plaintiff are barred by the doctrines of acquiescence, waiver, laches, estoppel, and/or unclean hands.

## SIXTH DEFENSE

Any award of statutory damages against ADCS would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## SEVENTH DEFENSE

The claims of Plaintiff are barred because ADCS has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA and is not liable for any messages allegedly sent by a third party.

## RESERVATION

ADCS hereby reserves its right to assert any other affirmative defenses that discovery or any changes in legal precedent or administrative guidance reveals to be applicable so as to avoid waiver of the same.

## ADCS'S PRAYER FOR RELIEF

WHEREFORE, ADCS prays for judgment as follows:

a) That Plaintiff take nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

b) That the Court enter judgment that ADCS is the prevailing party in this action;

c) That the Court award ADCS all costs, expenses and attorneys' fees that it is entitled to under federal and Florida law; and

d) That the Court award any and all other relief to which ADCS may be entitled.

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687
www.sfslaw.com

Case No. 0:19-cv-61110-RKA

Dated: May 28, 2019.                    Respectfully submitted,

**STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC**
*Attorneys for ADCS Clinics, LLC*
One SE Third Avenue, Suite 1820
Miami, FL  33131
Tel.: (305) 371-9686
Fax: (305) 371-8697

By:     */s/ Ian Ross*
          Adam Foslid, Esq.
          Florida Bar No. 0682284
          afoslid@sfslaw.com
          Ian Ross, Esq.
          Florida Bar No. 0091214
          iross@sfslaw.com

12

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687
www.sfslaw.com

Case No. 0:19-cv-61110-RKA

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                                           */s/ Ian Ross*
                                                                           Ian M. Ross, Esq.

## SERVICE LIST

Jibrael S. Hindi, Esq.
**THE LAW OFFICES OF JIBRAEL S. HINDI, PLLC.**
110 SE 6th Street
Ft. Lauderdale, FL 33301
Tel: (954) 907-1136
Fax: (855) 529-9540
Jibrael@jibraellaw.com

*Counsel for Plaintiff*

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687
www.sfslaw.com